ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN -7 P 2: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

| |
|---|
| KURZWEIL EDUCATIONAL SYSTEMS, INC, <br><br> Plaintiff, <br><br> - vs. - <br><br> FREEDOM SCIENTIFIC, INC., <br><br> Defendant. |

Civil Action No:
04-10965 JLT

# FREEDOM SCIENTIFIC, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Freedom Scientific, Inc. ("Freedom Scientific") answers paragraphs 1-13 of the Complaint of plaintiff Kurzweil Educational Systems, Inc. as follows:

## The Parties

1. Freedom Scientific is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 of plaintiff's Complaint and, therefore, denies those allegations.

2. Freedom Scientific admits the allegations of paragraph 2 of plaintiff's Complaint.

## Jurisdiction and Venue

3. Freedom Scientific admits that plaintiff's Complaint purports to state claims under the patent laws of the United States, but denies that Plaintiff has any such claim.

4. Freedom Scientific admits that this Court has subject matter jurisdiction over the claims brought in the present action.

5.   Freedom Scientific admits that venue is proper in this judicial district.

## Count I

6.   Freedom Scientific admits that United States Patent No. 5,875,428 (hereinafter "the '428 patent") is entitled on its face "Reading System Displaying Scanned Images With Dual Highlights," and admits that the '428 patent is assigned on its face to Kurzweil, but denies the remaining allegations of paragraph 6.

7.   Freedom Scientific denies the allegations of paragraph 7 of plaintiff's Complaint.

8.   Freedom Scientific denies the allegations of paragraph 8 of plaintiff's Complaint.

9.   Freedom Scientific denies the allegations of paragraph 9 of plaintiff's Complaint.

## Count II

10.   Freedom Scientific admits that United States Patent No. 6,052,663 (hereinafter "the "663 patent") is entitled on its face "Reading System Which Reads Aloud From An Image Representation of a Document," and admits that the '663 patent is assigned on its face to Kurzweil, but denies the remaining allegations of paragraph 10.

11.   Freedom Scientific denies the allegations of paragraph 11 of plaintiff's Complaint.

12.   Freedom Scientific denies the allegations of paragraph 12 of plaintiff's Complaint.

13. Freedom Scientific denies the allegations of paragraph 13 of plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

By and for its affirmative defenses, Freedom Scientific alleges:

### FIRST AFFIRMATIVE DEFENSE

14. Upon information and belief, Freedom Scientific has not infringed, contributorily infringed, or induced others to infringe any valid claim of the '428 patent.

### SECOND AFFIRMATIVE DEFENSE

15. Upon information and belief, the '428 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C. §§ 102, 103, and/or 112, including, but not limited to, 35 U.S.C. §§ 102(b) and 102(g).

### THIRD AFFIRMATIVE DEFENSE

16. Upon information and belief, Freedom Scientific has not infringed, contributorily infringed, or induced others to infringe any valid claim of the '663 patent.

### FOURTH AFFIRMATIVE DEFENSE

17. Upon information and belief, the '663 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C. §§ 102, 103, and/or 112, including, but not limited to, 35 U.S.C. §§ 102(b) and 102(g).

### FIFTH AFFIRMATIVE DEFENSE

18. Plaintiff's delay in bringing this action constitutes laches and/or equitable estoppel.

## COUNTERCLAIMS

Freedom Scientific, for its counterclaims, alleges as follows:

1. Freedom Scientific counterclaims for a Declaratory Judgment that the '428 and '663 patents are invalid and/or not infringed under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

2. This Court has jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, and plaintiff, by virtue of having brought suit against Freedom Scientific has submitted itself to the jurisdiction of this Court.

## FIRST COUNTERCLAIM

4. The allegations of paragraphs 1-3 are incorporated by reference as though fully set forth herein.

5. Plaintiff claims to be the owner of the '428 patent and has brought suit against Freedom Scientific herein for alleged infringement of said patent.

6. An actual case or controversy exists between plaintiff and Freedom Scientific based upon plaintiff having filed the Complaint against Freedom Scientific.

7. Upon information and belief, Freedom Scientific has not infringed, contributorily infringed, or induced others to infringe any valid claim of the '428 patent.

## SECOND COUNTERCLAIM

8. The allegations of paragraphs 1-7 are incorporated by reference as though fully set forth herein.

4

9.  Upon information and belief, the '428 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C. §§ 102, 103, and/or 112, including, but not limited to, 35 U.S.C. §§ 102(b) and 102(g).

### THIRD COUNTERCLAIM

10. The allegations of paragraphs 1-9 are incorporated by reference as though fully set forth herein.

11. Plaintiff claims to be the owner of the '663 patent and has brought suit against Freedom Scientific herein for alleged infringement of said patent.

12. An actual case or controversy exists between plaintiff and Freedom Scientific based upon plaintiff having filed the Complaint against Freedom Scientific.

13. Upon information and belief, Freedom Scientific has not infringed, contributorily infringed, or induced others to infringe any valid claim of the '663 patent.

### FOURTH COUNTERCLAIM

14. The allegations of paragraphs 1-13 are incorporated by reference as though fully set forth herein.

15. Upon information and belief, the '663 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C. §§ 102, 103, and/or 112, including, but not limited to, 35 U.S.C. §§ 102(b) and 102(g).

WHEREFORE, Defendant, Freedom Scientific prays that:

A.  Plaintiff's Complaint be dismissed with prejudice and that judgment be entered for Freedom Scientific;

B.  United States Patent No. 5,875,428 be adjudged and decreed invalid;

C.  United States Patent No. 6,052,663 be adjudged and decreed invalid;

D. Freedom Scientific be adjudged and decreed not to have infringed, contributorily infringed, or induced others to infringe the claims of United States Patent No. 5,875,428;

E. Freedom Scientific be adjudged and decreed not to have infringed, contributorily infringed, or induced others to infringe the claims of United States Patent No. 6,052,663;

F. This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and Freedom Scientific be awarded its costs and attorneys fees incurred in defending this action;

G. Freedom Scientific be awarded such other and further relief as the Court deems just and proper.

Dated: June 7, 2004

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: _____
Thomas W. Banks (BBO# 652950)
Christopher S. Schultz (BBO# 630814)
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile:  (617) 452-1666

Attorneys for Defendant
FREEDOM SCIENTIFIC, INC.